Kevin M. Zietz, Esq. (SBN 186244)
E-Mail: kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 981-9200
Fax.: (818) 981-9201

Todd Krauss, ESQ ( SBN 187991)
E-Mail: todd@tkrausslaw.com
LAW OFFICES OF TODD KRAUSS & ASSOCIATES
16055 Ventura Blvd., Suite 432
Encino, CA 91436
Tel: (818) 356-4747
Fax: (818) 322-3901

Attorneys for Plaintiff,
RYAN BURG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BURG,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; HEALTH AND WELFARE BENEFITS PLANS OF VULCAN MATERIALS COMPANY; and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No. :<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. §1132(a)(1)] |

Plaintiff, RYAN BURG (hereinafter referred to as "Plaintiff"), complains of Defendants HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter referred to as "HARTFORD"), and HEALTH AND WELFARE BENEFITS PLANS OF VULCAN MATERIALS COMPANY (hereinafter referred

COMPLAINT FOR DAMAGES UNDER ERISA

to as the "PLAN"), as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about April 10, 2015, at which time he was informed that HARTFORD was upholding their decision to terminate his Long-Term Disability (LTD) benefits beyond May 29, 2014, and that he has the right to bring a civil action under section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the PLAN is an employee welfare benefit plan established and maintained by Plaintiff's employer, Vulcan Materials Company, to provide its employees with group long-term disability insurance, to pay a portion of a covered employee's income during a period of disability.

6. The PLAN can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Plaintiff is an individual citizen and resident of the State of California, County of San Bernardino, residing within the Central District of the State of California.

- 2 -
COMPLAINT FOR DAMAGES UNDER ERISA

8. On information and belief, HARTFORD issued a policy that insures the PLAN and is contractually obligated to pay benefits for claims covered and approved through the PLAN.

## FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff, currently age 40, was employed as an Asphalt Plant Operator, was and is a participant and beneficiary of the PLAN.

10. Plaintiff's occupation was determined to be a medium physical demand level occupation.

11. Plaintiff stopped working due to his disability on September 18, 2012 due to symptoms related to migraine headaches.

12. Following the 180 day elimination period, Plaintiff became eligible for benefits on March 20, 2013 and was paid LTD benefits through May 29, 2014, while benefits were being paid under the own occupation definition of disability.

13. HARTFORD terminated LTD benefits beyond May 29, 2014, based upon video surveillance and the opinion of its peer review physician who opined that Plaintiff's neurological findings were normal and thus, he had no functional impairment. In addition, HARTFORD'S peer review physician opined that the video surveillance did not show Plaintiff exhibiting signs of hesitation or restriction in the activities shown on the video, therefore he was able to work forty (40) hours per week without restrictions or limitations.

14. On November 24, 2014 Plaintiff submitted a timely written appeal, which provided additional medical evidence to support his disability.

15. Following the initial denial of LTD benefits, Plaintiff lost his group medical insurance and was unable to afford appropriate medical care. He subsequently became eligible for Medi-Cal and once again began to seek treatment for his migraine headaches.

16. Plaintiff was also examined by a Mumtaz Ali, M.D., a Diplomate of the American Boards of Neurology & Psychairty, Electrodiagnostic Medicine, and

COMPLAINT FOR DAMAGES UNDER ERISA

board certified as a pain management doctor. After examining Plaintiff, Dr. Ali opined that he has intractable and debilitating headaches affecting him daily and are primarily of vascular-type. Dr. Ali further noted that there is no diagnostic test to determine the severity of headaches, and that since Plaintiff had effectively performed his job for fourteen (14) years with no prior psychiatric history, he believed that the headaches would remain refractory for at least one year and he prepared a new treatment plan.

17. As part of his appeal, Plaintiff submitted evidence confirming trips to the emergency room on two separate occasions for treatment related to migraines. In addition, Plaintiff submitted additional medical records from his treating physicians, evidence that he had been approved for Social Security Disability, and a supplemental report from Dr. Ali regarding the video surveillance.

18. The medical evidence submitted on appeal shows that Plaintiff has been prescribed over thirty (30) medications to treat his migraine headaches. Plaintiff's condition limits his ability to engage in activities that would require him to bend, kneel, crawl, lift or carry anything greater than ten (10) pounds. Dr. Ali further opined that he should be precluded from exposure to loud noise, bright light and undue stressors.

19. On or about April 10 2015, HARTFORD upheld the decision to deny Plaintiff's claim for Long-Term Disability Benefits.

20. HARTFORD had two peer review physicians complete review the file, and one of the two also examined Plaintiff. Both peer review physicians opined that Plaintiff could work on a full time basis without any restrictions or limitations.

21. One of HARTFORD'S peer review physicians agreed that plaintiff was not physically capable of working full-time at a medium physical demand level job.

22. In making its final decision on appeal, HARTFORD chose to rely on the medical experts who opined that Plaintiff could work at a medium physical

demand level.

23. Plaintiff was approved for Social Security Benefits, retroactive back to September 15, 2012. The award letter was provided to HARTFORD which acknowledged the award and stated that the claim administrator is not required to credit the opinion of a treating physician over other evidence, including the opinions of independent examining physicians and medical record reviews.

## COUNT ONE
### For Damages and Benefits Against Defendants
### HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and
### HEALTH AND WELFAE BENEFITS PLANS
### OF VULCAN MATERIAS COMPANY
### (Pursuant to 29 U.S.C. Section 1132(a)(1))

24. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

25. The LTD policy issued by HARTFORD has an effective date of January 1, 2008, and the anniversary date upon which the policy renews has been January 1st of each year thereafter.

26. The LTD policy issued by HARTFORD contains an express grant of discretionary authority that reads as follows:

> "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility and to construe and interpret all terms and provisions of the Policy."

27. *California Insurance Code* § 10110.6 will render the express grant of discretionary authority null and void and the Court will apply a de novo standard of review.

\ \ \

- 5 -
COMPLAINT FOR DAMAGES UNDER ERISA

Case 2:15-cv-04243 Document 1   Filed 06/05/15   Page 6 of 7   Page ID #:6

28. Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan is the one that existed at the time his ERISA cause of action accrued (which is when LTD benefits were finally denied on April 10, 2015).

29. The weight of the medical in the administrative record supports a determination that Plaintiff cannot perform the material duties of his medium physical demand level occupation due to his physical disabilities.

30. In the event that the court does apply an abuse of discretion standard, Plaintiff alleges that HARTFORD has a conflict of interest because it is the claims administrator and the funding source of claims paid pursuant to the LTD policy that insures the PLAN.

31. In the event that the court does apply an abuse of discretion standard, HARTFORD'S claims decision was illogical, implausible, and/or without support in inferences that may be drawn fro the facts in the record.

32. As a direct and proximate result of HARTFORD'S wrongful denial of LTD benefits, Plaintiff contends that HARTFORD has breached the contract by not paying benefits, payable at the rate of $3,686.68 per month, minus appropriate offsets, from May 29, 2014 to the present and continuing.

33. As a further direct and proximate result of the denial of benefits, and due to HARTFORD'S failure to pay benefits, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him under the terms of the PLAN. Accordingly, Plaintiff will be entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

### Count One

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $3,686.68 per month from May 29, 2014 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For an order that Plaintiff be put back on claim with the claim administrator, and that the claim be remanded to the claim administrator for a determination regarding eligibility under the "any occupation" definition of disability.

5. For any further relief that the court deems reasonable and just.

DATED: June 5, 2015

Respectfully submitted,

LAW OFFICES OF KEVIN ZIETZ

By: _____
Kevin M. Zietz
Attorney for Plaintiff
RYAN BURG

COMPLAINT FOR DAMAGES UNDER ERISA